UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUCCESS SYSTEMS, INC. )<br>                    Plaintiff, )<br>                                  )<br>                                  )<br>v.                                )<br>                                  )<br>MADDY PETROLEUM )<br>EQUIPMENT, INC., )<br>                    Defendant. )<br>                                  ) | CIVIL CASE NO.:<br>3:01 CV1343(MRK)<br><br><br>January 21, 2004 |

**PLAINTIFF'S MOTION TO VACATE
AND/OR MODIFY AAA ARBITRATION AWARD**

Pursuant to §§10 and 11 of the Federal Arbitration Act (the "FAA") and Rule 7 of the Local Rules of Civil Procedure, Plaintiff Success Systems, Inc. ("Success") hereby files this Motion to Vacate and/or Modify an arbitration award issued by the American Arbitration Association ("AAA") (Arbitrator Ernest Fanwick, Esq.) on December 22, 2003 (the "Award") against Defendant Maddy Petroleum Equipment, Inc. ("Maddy"). In support of this Motion, Success files along herewith a Memorandum of Law and the Affidavit of Joseph M. Pastore III, Esq. with supporting exhibits.

In support of this Motion, Success represents as follows:

1.      In the Award, the Arbitrator found a breach of the contract at issue (the "Contract") by Maddy in light of Maddy's failure to pay certain fees under the Contract. In addition, the Arbitrator found Maddy contractually obligated to return Success' business materials (the "Confidential Materials").

2.      The Contract requires that Success must be awarded its attorneys' fees in the event of any breach by Maddy and/or in the event Success has a "basis" to bring an action to protect Materials it believes are confidential. (Contract §§20 and 17.)

HARTFORD 82240v1

3. Despite the Arbitrator's findings and the contractual provisions mandating attorneys' fees to Success, the Arbitrator failed to award any attorneys' fees to Success in manifest disregard of the law and facts.

4. In addition, the Contract requires that Maddy return any and all business Materials upon the termination of the Contract and/or upon the request of Success. (Contract §15.) The testimony at the hearings established that Maddy had failed to return certain Confidential Materials that the Arbitrator found Maddy was contractually obligated to return to Success at the termination of the Contract.

5. Despite this testimony and the Contract's provisions mandating the return of the Confidential Materials, the Arbitrator failed to include an order in the Award imposing a continuing obligation on Maddy to return any and all of Success' business Materials in manifest disregard of the law and facts.

6. Accordingly, Success moves this Court to vacate and/or modify the Award. In particular, Success respectfully requests that this Court:

(a) Order that its complete and full attorneys' fees (to be supplemented in connection with the instant Motion) be included and made a part of the Award; or

(b) Order that this Court conduct a hearing to determine the attorneys' fees (to be supplemented in connection with the instant Motion) to be included in any judgment finally entered on the Award; or

(c) Order that the parties submit to new AAA arbitration hearings such that Success' complete and full attorneys' fees (to be supplemented in connection with the instant Motion) be included and made a part of any Award; and

    (d)    Order that this Award be modified to impose upon Defendant Maddy a continuing obligation to return to Success any business Materials provided by Success in connection with the Contract as defined herein.

    **WHEREFORE,** for the foregoing reasons, Plaintiff Success respectfully requests that its Motion to Vacate and/or Modify the AAA Arbitration Award be granted.

Dated at Hartford, CT
January 21, 2004

                      THE PLAINTIFF,
                      SUCCESS SYSTEMS, INC.

                      By: _____
                      Joseph M. Pastore III, Esq. (11431)
                      Thomas J. Lengyel, Esq. (21488)
                      BROWN RAYSMAN MILLSTEIN
                      FELDER & STEINER, LLP
                      CityPlace II, 185 Asylum Street
                      Hartford, CT 06103
                      Telephone: (860) 275-6400
                      Facsimile: (860) 275-6510
                      *    *    *
                      900 Third Avenue
                      New York, NY 10022

HARTFORD 82240v1

**ORDER**

The foregoing Motion having been heard by this Court, it is hereby ordered:

GRANTED / DENIED

(a)     That an order issue that Success' complete and full attorneys' fees (to be supplemented in connection with the instant Motion) be included and made a part of the Award;  or

(b)     That an order issue that this Court conduct a hearing to determine the attorneys' fees (to be supplemented in connection with the instant Motion) to be included in any judgment finally entered on the Award;  or

(c)     That an order issue that the parties submit to new AAA arbitration hearings such that Success' complete and full attorneys' fees (to be supplemented in connection with the instant Motion) be included and made a part of any award;  and/or

(d)     That an order issue that this Award be modified to impose upon Defendant Maddy a continuing obligation to return to Success any business Materials provided by Success in connection with the Contract as defined herein.

THE COURT

_____<br>J.,

**ORDER**

The foregoing Motion having been heard by this Court, it is hereby ordered:

GRANTED / DENIED

(a)     That an order issue that Success' complete and full attorneys' fees (to be supplemented in connection with the instant Motion) be included and made a part of the Award;  or

(b)     That an order issue that this Court conduct a hearing to determine the attorneys' fees (to be supplemented in connection with the instant Motion) to be included in any judgment finally entered on the Award;  or

(c)     That an order issue that the parties submit to new AAA arbitration hearings such that Success' complete and full attorneys' fees (to be supplemented in connection with the instant Motion) be included and made a part of any award;  and/or

(d)     That an order issue that this Award be modified to impose upon Defendant Maddy a continuing obligation to return to Success any business Materials provided by Success in connection with the Contract as defined herein.

                                                                    THE COURT


                                                                    _____
                                                                                J.,

## CERTIFICATE OF SERVICE

    This is to certify that a copy of the foregoing was sent via first class mail, postage pre-paid, on January 21, 2004 to the following counsel of record, and will be served in accordance with law as appropriate:

Warren Holcomb, Esq.
Berchem, Moses & Devlin, P.C.
75 Broad Street
Milford, CT 06460

By: _____
    Thomas J. Lengyel