UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUCCESS SYSTEMS, INC. | CIVIL CASE NO.: 3:01CV1343 (MRK) |
| Plaintiff, | |
| v. | |
| MADDY PETROLEUM EQUIPMENT, INC., | |
| Defendant. | January 30, 2004 |

### DEFENDANT'S MOTION TO STRIKE PARTS OF THE AFFIDAVIT OF JOSEPH M. PASTORE III AND EXHIBITS

The defendant Maddy Petroleum Equipment, Inc. moves to strike the following portions of the affidavit of Joseph M. Pastore III filed in support in Plaintiff's Motion to Vacate and/or Modify the Arbitration Award on the ground that such portions constitute argument, not factual assertions:

1. The words "as a result of this breach, Maddy is obligated to pay Success attorneys' fees associated with this breach" of paragraph 8;

2. Paragraph 10 in its entirety except for the last sentence;

3. The last sentence of paragraph 12;

4. Paragraph 15 in its entirety;

5. Paragraph 17 in its entirety; and

6. To the extent that paragraphs 13, 14, and 15 purport to be Attorney Pastore's recollection of certain testimony at the arbitration hearings, the substance of the testimony recalled is only part of what was testified to on that subject during the arbitration hearings and thus is taken out

G:\18\18820\1\pleadings\motion to strike.doc

of context from the entire testimony. This defect cannot be cured because there is no transcript of the arbitration testimony. The court cannot meaningfully review the record because there is no record.

The defendant also moves to strike all of the exhibits attached to the affidavit of Attorney Pastore on the ground that such exhibits represent only a part of the evidence presented at the arbitration hearing and cannot be considered in the absence of the testimony adduced, of which there is no record.

In the alternative, the defendant moves to strike Exhibits G, H and I attached to Attorney Pastore's affidavit for the reasons explained below.

Exhibit G to Attorney Pastore's affidavit is the transcript of the deposition of Ed Bletz. Ed Bletz testified at length at the arbitration hearing. Although the deposition transcript was admitted into evidence at the arbitration hearing, it represents only a portion of what Mr. Bletz testified to in more detail at the arbitration hearing and cannot be properly evaluated without the benefit of a transcript of Mr. Bletz's arbitration testimony which does not exist.

Exhibit H is a self-serving letter from the plaintiff's attorneys which is marked "for settlement purposes only". It is interesting to note this letter dated May 24, 2001 which was written almost two months after the plaintiff requested the return of its sales and marketing materials (See Exhibit I to Pastore affidavit) states that the defendant has "reason to be concerned that Maddy Petroleum may be violating its confidentiality obligations in its marketing of CMI products" and that to the extent that "this proves to be the case" the defendant indicates it will seek legal recourse." Nevertheless, the plaintiff subsequently filed a lawsuit making such claims and later submitted them to arbitration. At the arbitration hearing, the plaintiff did not present one iota of proof to substantiate its baseless and invalid claims against Maddy for

wrongful disclosure or misappropriation of confidential information. In any event, Exhibits H and I should be stricken because they are only two out of over 50 arbitration exhibits and the testimony concerning them is not part of the record of the arbitration proceeding.

For the foregoing reasons, the defendant respectfully requests that this motion to strike be granted.

In the event that the court denies this motion to strike in whole or in part and considers some of the documentary evidence from the arbitration, the deposition transcript of Mr. Bletz and/or any of Attorney Pastore's recollection as to the arbitration testimony, then the defendant quests the court to consider the summary of evidence set forth in the defendant's post- arbitration hearing brief, a copy of which is attached as Exhibit A to the undersigned's affidavit.

THE DEFENDANT

By: _____
Warren L. Holcomb, Esq.
Federal Bar No. ct13127
Berchem, Moses & Devlin, P.C.
75 Broad Street
Milford, CT 06460
(203) 783-1200

## CERTIFICATION

This is to certify that a copy of the foregoing Motion to Strike was mailed on January 30, 2004 by U.S. Mail first class, postage prepaid to the following:

Joseph M. Pastore, III, Esq.
Thomas J. Lengyel, Esq.
Brown, Raysman, Millstein, Felder & Steiner LLP
CityPlace II
185 Asylum Street
Hartford, CT  06103

Warren L. Holcomb