UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUCCESS SYSTEMS, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL CASE NO.: |
| ) | 3:01CV1343(MRK) |
| MADDY PETROLEUM ) | |
| EQUIPMENT, INC., ) | |
| ) | |
| Defendant. ) | February 13, 2004 |
| ) | |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF
MOTION TO VACATE AND/OR MODIFY AAA ARBITRATION AWARD**

Joseph M. Pastore III, Esq.
Thomas J. Lengyel, Esq.
BROWN RAYSMAN MILLSTEIN
FELDER & STEINER, LLP
CityPlace II, 185 Asylum Street
Hartford, CT 06103
Attorneys for Plaintiff

HARTFORD 83027v1

Pursuant to the Federal Arbitration Act (the "FAA"), Plaintiff Success Systems, Inc. ("Success") hereby submits this Reply Memorandum in support of its Motion to Vacate and/or Modify an arbitration award issued by the American Arbitration Association ("AAA") (Arbitrator Ernest Fanwick, Esq.) on December 22, 2003 (the "Award") against Defendant Maddy Petroleum Equipment, Inc. ("Maddy").[1] Success files along herewith the Affidavit of Thomas J. Lengyel, Esq. ("Reply Aff.").

## PRELIMINARY STATEMENT

While Success recognizes that the standard on a motion to vacate and/or modify is a difficult one to meet, it is by no means insurmountable and justice and equity require that action be taken in circumstances such as those presented here. In its Opposition, Maddy would have this Court believe that the relevant standard is impossible to meet under any circumstance, rendering the review process meaningless. While there is a strong federal policy in favor of arbitration of disputes, the tenets of the FAA and corresponding case law exist to provide resort to the Courts – and the relief sought here – where the arbitration process breaks down.

There is no doubt that Success is the victor here. Maddy's claims were rejected and Maddy was found liable for breach. (Reply Aff. ¶ 5.) This victory is largely hollow, however, in light of the fact that the very contractual provisions designed to protect the aggrieved party were ignored. Thus, the process has undeniably broken down and failed Success in this case. As a result, Success comes to this Court with modest and reasonable requests that are within the penumbra of grounds for vacatur and/or modification under the FAA and related case law. Whether classed as a manifest disregard of the law, a manifest disregard of the facts, or more

---

[1] A true and correct copy of the Award is provided at <u>Exhibit A</u> to the original Affidavit of Joseph M. Pastore III filed with the Motion to Vacate (hereinafter, "Pastore Aff.").

HARTFORD 83000v2

likely a combination of both, there is manifest disregard of justice in this case that Maddy cannot overcome.

In its Opposition, Maddy paints a picture that the award of attorneys' fees in this case is somehow a matter of "discretion" for the Arbitrator. (Maddy Opp. p. 8.) While it may generally be a matter of discretion in the ordinary case, this is no ordinary case. The Agreement between the parties here dated October 13, 2000 (the "Contract") contained a clear and *mandatory* provision for attorneys' fees in the event of *any* breach by Maddy. (Contract §20.) The Contract at §17 also contained a clear mandatory provision for attorneys fees in the event that Success had any "basis" to seek to recover business materials provided to Maddy by Success that Success deemed confidential. These issues were pointed out several times to the Arbitrator in the Pre- and Post-Hearing Briefs, and discussed at length during the hearing itself.

The Arbitrator found a breach of the Contract on the part of Maddy for non-payment of fees and also found that Maddy was "contractually obligated" to return Success' business and proprietary materials (the "Confidential Materials"). (Award p.4.) These were proper findings under the law and evidence. While the Contract clearly required an award of attorneys' fees if either of these findings were made, the Arbitrator refused to award any attorneys' fees to Success without basis or explanation. (Award p.4.) This is in manifest disregard of the law and/or evidence.

Success is asking this Court to remedy this defect. It is a clear defect. This is a simple issue. There is a clear remedy. It really is no more complicated than the fact that the Contract required an award of attorneys' fees, but the Arbitrator failed to pay attention to the issue. Maddy's attempts to complicate and confuse the attorney-fee issue, especially with respect to

2

Section 20 of the Contract, cannot withstand scrutiny. (Maddy Opp. p.7-8) After all, the Arbitrator found a breach of the Contract by Maddy as follows:

> The Claimant [Maddy] is to **pay** to the Respondent [Success] $10,000 still due as part of the initial payment plus interest.

(Award p.4.) (Emphasis added.)[2] Section 20 of the Contract defines the consequences of the breach as follows:

> Distributor [Maddy] **shall** indemnify Licenser [Success] **fully** for any cost, liability, or harm suffered by Licenser, including reasonable **attorney fees**, as a direct or indirect result of Distributor's **breach** of **any** of the **terms** of this Agreement.

(Contract §20.) (Emphasis added.) Clearly, in the event of "any" breach, attorneys' fees "shall" and must be awarded to Success. There is no other way to look at it.

The logic with respect to Section 17 of the Contract is equally simple. Here, the Arbitrator found:

> The Claimant [Maddy] was **contractually obligated** to **return** certain materials to the Respondent [Success] upon termination of the contract.

---

[2] Maddy's argument that Success was unreasonable to seek *all* of its attorneys' fees misses the mark. It is true that Success was only awarded $10,000 for the first breach. Maddy conveniently forgets, however, that the Arbitrator also found that Maddy was "contractually obligated" to return the Materials in question and that Maddy failed to return the Materials in question for over a year. Success was forced to chase Maddy into Federal Court (the "Federal Action") and then forced to seek compensation for such wrongful conduct in the Arbitration. The Materials represent Success' most valuable Confidential Materials related to the core and trade secrets of its business. Maddy concededly held these Materials hostage and was in a prime position to use them with Success' direct competitor, CMI Solutions, Inc. ("CMI") (Reply Aff. ¶10.) Of course, Success had more than ample reason and concern to pursue these Materials and corresponding damages, and of course, there were attorneys' fees along the way. In fact, Success continues to pursue certain of these Materials by this Motion to Vacate (as described below). Had Maddy honored the contractual provisions noted by the Arbitrator, there would not have been any attorneys' fees incurred to obtain the Materials back. As it was Maddy that forced this action, however, it is Maddy that should pay for it. Moreover, Success never stated that it was entitled or not entitled to *all* of its attorneys' fees. Success suggested often and vocally that it was entitled to "reasonable" attorneys' fees (as provided in Contract §§20 and 17) and Success submitted the invoices reflecting the burden it had to bear as a result of Maddy's conduct. Given the findings of breach and obligation to return the Materials, an award that provides no attorneys' fees is simply unreasonable.

3

HARTFORD 83000v2

(Award p.4.) (Emphasis added.) Success had a contractual right to protect its confidential business materials and to be reimbursed for its attorneys' fees if it has any basis to do so. Section 17 states:

> Should Licenser [Success] have **any basis** to seek such legal or equitable action…, Distributor [Maddy] **shall** pay **any** and all **attorney fees** and court costs that Licenser may incur.

(Contract §17.) (Emphasis added.) Despite Maddy's protests to the contrary, Success certainly had a basis to seek its Materials back as Maddy held them hostage for over a year. (Reply Aff. ¶10.) Maddy's suggestion that the term "basis" requires a contract interpretation is nonsense. (Mem Opp. 7). The Arbitrator found that Maddy failed to return the Materials and that it was contractually obligated to do so – the Arbitrator thus stated Success' basis.

The additional issue at hand, while not as clear as the attorney-fee issue, is just as egregious. The Arbitrator found that Maddy must return certain Materials to Success, and that Maddy has not returned all of these Materials. (Award p.4.) Despite these findings, the Arbitrator then failed to impose a continuing duty upon Maddy to return any and all Materials.

**POINT I.    THE ARBITRATOR MANIFESTLY DISREGARDED THE LAW AND FACTS IN FAILING TO AWARD ANY ATTORNEYS' FEES.**

   A.   *The Manifest Disregard Standard Is Not As Rigid As Maddy Portrays It.*

In its Opposition, Maddy relies on GMS Group, LLC v. Benderson 326 F.3d 75 (2003) for the proposition that the manifest disregard standard is "severely limited." (Maddy Opp p.3.) However, Maddy ignores an important theme underlying that case, where the Second Circuit articulates that: "[o]ver time we have stated many, varied formulations of the manifest disregard standard in an attempt to give it better definition" and that "[p]recisely what the manifest disregard test requires is not yet clear." GMS, 326 F.3d at 77. (Citations omitted.)

4

Although the GMS court went on to articulate the most recently formulated standard, what is clear is that the standard is flexible enough to provide adequate protection against egregious arbitration decisions. *See* GMS, *supra* at 80 ("judicial scrutiny of arbitration awards necessarily is limited but sufficiently ensures that arbitrators comply with law"). (Citations omitted.) Maddy's suggestion that the Court cannot evaluate the facts because there is no record also ignores the plain evidence found in the exhibits and the sworn Affidavit from Attorney Pastore. (Maddy Opp. p. 3.)[3]

### B.   *This Is Not A Complex Matter Of Contract Interpretation*.

The Motion to Vacate and/or Modify is not about a complex question of contract interpretation as Maddy presses upon this Court. (Maddy Opp. p.7.) This is not a case about a mere "error" in contract interpretation. Rather, it is a case of "willful blindness", where the Arbitrator was clearly aware of the law and the Contract that provided for attorneys' fees, but then chose to willfully ignore Sections 20 and 17 of the Contract despite the fact that these issues were put before him over and over and over again. (Reply Aff. ¶16.)

The Arbitrator's lack of explanation for this decision only reinforces Success' position that there is no explanation whatsoever for this bizarre ruling on attorney's fees. The Second Circuit has observed that:

> "[w]e want to make clear that we are not holding that arbitrators should write opinions in every case or even in most cases. We merely observe that where a reviewing court is inclined to find that the arbitrators manifestly disregarded the *law* or the *evidence* and that an explanation, if given, would have strained credulity, the *absence of explanation* may reinforce the reviewing court's confidence that the arbitrators engaged in *manifest disregard*."

---

[3] Maddy's Motion to Strike the Pastore Affidavit will be addressed in a separate opposition.

Halligan v. Piper Jaffrey, 148 F.3d 197 (2d Cir. 1998). Despite a 5-page decision, the Arbitrator provided absolutely no logic for his decision on attorneys' fees. This is so because there is *no* rational explanation for the Arbitrator's refusal to award attorneys' fees.

### C.   *The Arbitrator Manifestly Disregarded The Facts And Evidence, And This Is A Proper Basis For Vacatur And/Or Modification Of This Award.*

Despite Maddy's suggestion to the contrary, the Federal Courts have historically considered the "manifest disregard of the facts" as a basis for vacatur of an award. Pacific Reinsurance Mangmt Corp. v. Ohio Reinsurance Corp., 935 F.2d 1019 (9th Cir.1991). In limited situations, "a court may vacate an award because arbitrators have manifestly disregarded the evidence." McDaniel v. Bear Stearns, 196 F. Supp.2d 343 (S.D.N.Y 2002). Under the relevant standard, a "manifest disregard of the *facts*" occurs when the award runs contrary to *strong evidence* favoring the moving party on a motion to vacate. Wallace, 239 F.Supp.2d at 393.

The manifest disregard of the "facts" standard and these cases are still good law under the Second Circuit despite Maddy's strained interpretation to the contrary. (*See* Maddy Opp. p.3 *citing* GMS for the proposition that there is no "manifest disregard of the facts" standard.) The court in GMS, however, does not stand for the proposition that Maddy cites it for, and thus, does not eliminate the manifest disregard of the "facts" standard.

The Contract was an exhibit to the Arbitration, and thus clear evidence, that the Arbitrator ignored. The Arbitrator also disregarded the legal bills that Success submitted as an exhibit. He did this despite findings of breach and contractual failures, and despite the fact that he was well-aware that Sections 20 and 17 *require* an award of attorneys' fees under these circumstances. (Contract §§20 and 17.) There is no way the Arbitrator could have missed this issue. He just chose to ignore it. Success presented this clear-cut issue numerous times at the

6

HARTFORD 83000v2

hearings in very simple fashion. (Reply Aff.¶ 16.) For example, the Post-Hearing Brief is very clear:

> Maddy has already conceded liability in this case to a breach of the Contract at §15, as Maddy refused to return the Confidential Materials for over 1 year despite the demands of Success and the requirement of Contract §15 for the immediate return of the Confidential Materials upon any termination. It is noteworthy that Maddy returned the Confidential Materials only *after* Success commenced the action for their return, and only after Success incurred legal fees along the way. As such, attorneys' fees must be awarded to Success under the Contract at §20.

(Pastore Aff., Exhibit F, Success Post-Hearing Brief p.28.)

The Arbitrator also ignored the fact that Contract §17 also provides that attorneys' fees must be awarded where there is "*any basis*" for Success bringing an action related to the confidentiality provisions of the Contract. Clearly, Success had a bona-fide basis to bring the Federal Action and these claims for the return of the Confidential Materials that Maddy held hostage for over 1 year.[4] It had no other choice. The Pre-Hearing Brief is also very clear:

> Importantly, the attorneys' fees clause at Contract §17 provides that attorneys' fees must be awarded where there is "*any basis*" for Success bringing an action related to the confidentiality provisions of the Contract at §13. Clearly, Success had a bona-fide basis to bring the Federal Action and these claims for the return of the Confidential Materials that Maddy held hostage for over 1 year. Success had no choice in the matter, as Maddy was unlawfully holding Success' most vital and confidential business materials.

( Pastore Aff., Exhibit E, Success Pre-Hearing Brief p. 20.)

---

[4] Maddy's argument on Contract §17 – that it only provides attorneys' fees in the event of a "court action" – is nonsensical. (Maddy Opp.p.6.) Success commenced and pursued the Federal Action, no doubt a "court action", and then agreed to arbitrate those claims to resolve the entire dispute in one forum. Moreover, as the Contract itself directs the parties to arbitrate their disputes, the notion that the Contract's attorney-fee provisions do not include efforts to arbitrate is likewise nonsensical. To the extent that Maddy's argument is that Success would only be entitled to attorneys' fees to the extent it required Court intervention to obtain the Materials back, that is exactly what happened. To the extent Maddy is suggesting that Success should only be entitled to obtain its fees associated with obtaining the Materials back, and not those fees associated with litigating over the costs of obtaining the Materials back, the fees associated with the former are significant given that Maddy failed to return the Materials for over a year and 8 months after the Federal lawsuit was filed.

7

HARTFORD 83000v2

**D.     *The Arbitrator Acted In Manifest Disregard Of The Law.***

Here, the Arbitrator was fully aware of a clearly defined governing legal principle, but refused to apply it. Duferco International Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d. 383 (2d Cir. 2003). This standard is met where the arbitrator "understood and correctly stated the law, but [then] proceeded to ignore it." Wallace, *supra* 392.

In this case, the Arbitrator recognized the law at the outset of the hearings. He stated that he was empowered to award attorneys' fees under the AAA Commercial Rules. (Pastore Aff. ¶9.) *See* Rule 43 of AAA Commercial Rules. Despite his recognition of the law, the Arbitrator then ignored the law and the Contract's mandatory provisions for attorneys' fees.

Importantly, AAA Rule 43 states that the Arbitrator "may" award fees on several grounds, one of which is pursuant to the agreement to arbitrate. *See* Rule 43, AAA Commercial Rules. Under a fair reading of Rule 43, the award of attorneys' fees may generally be a matter of discretion (as Maddy suggests). That discretion must be eliminated in a case like this where there exists a mandatory fee provision in the Contract. (Contract §§ 20 and 17.) In essence, Maddy's argument that the decision is purely a matter of discretion makes little sense when the Contract says "shall" and "must". (Contract §§20 and 17.) Maddy cannot dispute the Arbitrator's awareness of Rule 43 and his reckless and purposeful decision to ignore it.

Moreover, any reasonable Arbitrator must understand the legal principle known as "freedom of contract". Here, the parties contracted for mandatory attorneys' fees, and that bargain must be respected under any understanding and/or awareness of the law. Maddy's argument that the Arbitrator was not made aware of the legal principle that demands an award of attorneys' fees in this case is ludicrous.

Furthermore, under Connecticut law (as elsewhere), the right to contract for attorneys' fees is well recognized as follows:

> Further, a court has ***no authority*** to ***disregard*** a ***contractual provision*** for an ***attorneys' fee***, and must limit its determination to the reasonableness of the amount requested.

Alpine Construction, Inc. v. McGill, 1992 Conn. Super. Lexis 1137 *4 (1992) (emphasis added) *citing* Pacelli Bros. Tran. Inc. v. Pacelli, 189 Conn. 401, 415 (1983) ("the provision for a reasonable attorney's fee was an integral part of the note and, like any other clause determining the amount due, could not be disregarded"); s*ee also* United States v. One Parcel, 1999 U.S. Dist. Lexis 10522 *16 (D.Conn.1999) ("a successful litigant is ***entitled*** to an award of attorneys' fees if they are expressly provided by a contract").

Once the Arbitrator here found a breach of the Contract by Maddy, he was then obligated to award attorneys' fees against Maddy under the Contract. (Contract §§20 and 17.) Success provided ample evidence of its legal position as follows:

> The Arbitrator informed the parties during the hearings that attorneys' fees may be awarded in this case under the AAA Commercial Rules of Arbitration. Section 20 of the Contract is clear and unambiguous. It demands that Maddy pay the attorneys' fees of Success in the event of "*any*" breach of the Contract. As Maddy has flatly admitted to a breach of the Contract at §15 – for refusing to return the Confidential Materials for over 1 year – there is no question that attorneys' fees must be awarded to Success in this case.

(Pastore Aff., Exhibit F, Success Post-Hearing Brief p.27.) Success emphasized in the briefs the ***mandatory*** nature of the attorney fee clauses at §20 and §17. (Pastore Aff., Exhibit F, Success Post-Hearing Brief p.27-29; Exhibit E, Success Pre-Hearing Brief p.3, 19-21.)

Whether Maddy wants to label this case as a manifest disregard of the facts, law, or a combination of both, this is a case that must be vacated and/or modified in order to reflect a reasonable amount of attorneys' fees to Success.

9

HARTFORD 83000v2

**POINT II.    THE ARBITRATOR MANIFESTLY DISREGARDED THE LAW AND FACTS IN FAILING TO IMPOSE A CONTINUING DUTY.**

The Arbitrator also failed to impose a continuing duty upon Maddy to return confidential materials. It is undisputed that it was discovered at the hearings that Maddy had failed to return a valuable list of business prospects belonging to Success (the "Missing List") and that Maddy somehow misplaced the original version of Success' disc containing various "Sales Tools" and other trade secrets of Success, and had only returned an unauthorized copy of the Success disc (the "Missing Disc").[5] (Repy Aff. ¶15.) The Missing List and Missing Disc have yet to be returned, and Success simply asks this Court to ensure that a continuing obligation is placed on Maddy to return any of Success' Materials. (Pastore Aff. ¶19.) The Arbitrator has already found that Maddy was "contractually obligated" to return these Materials.

Maddy argues that because no damages were found concerning the retention of the Materials, there is no reason to impose upon Maddy a continuing obligation to return the Materials (Maddy Opp. p.8.) Simply because no damages were found does ***not*** mean that Success has no contractual right for the return of the Materials. The Arbitrator has recognized this contractual right, and thus, should have placed a continuing duty on Maddy. Because the Arbitrator failed to do so, he imperfectly executed his powers and left the parties with an open-ended Award as to the Materials. (*See* FAA §10(a(4).)

---

[5] Maddy's contention that the Arbitrator determined that "*all*" of the Materials were returned is flatly wrong, especially given that the Missing List and Missing Disc were only discovered "missing" *at* the hearing itself. (Reply Aff. ¶15.) As Success has always requested the return of "any" of its Materials, in both the Federal Action and in its Counterclaims in the Arbitration, such request obviously included *any* Materials discovered missing. The Arbitrator was aware of the request, but ignored it. His conduct in this regard only demonstrates his cavalier treatment of the attorney-fee issue.

HARTFORD 83000v2

## CONCLUSION

For the foregoing reasons, Plaintiff Success respectfully requests that its Motion to Vacate and/or Modify the Award be granted.

Dated at Hartford, CT
February 13, 2004

THE PLAINTIFF,
SUCCESS SYSTEMS, INC.

By: _____
Joseph M. Pastore III, Esq.
Thomas J. Lengyel, Esq.
BROWN RAYSMAN MILLSTEIN
FELDER & STEINER, LLP
CityPlace II, 185 Asylum Street
Hartford, CT 06103
Telephone: (860) 275-6400
Facsimile: (860) 275-6510
\*   \*   \*
900 Third Avenue
New York, NY 10022

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was sent via first class mail, postage pre-paid, on February 13, 2004 to the following counsel of record:

Warren Holcomb, Esq.
Berchem, Moses & Devlin, P.C.
75 Broad Street
Milford, CT 06460

By: _____
Thomas J. Lengyel

11

HARTFORD 83000v2