UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUCCESS SYSTEMS, INC. ) <br> ) <br>          **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> MADDY PETROLEUM ) <br> EQUIPMENT, INC., ) <br>          **Defendant.** ) <br> ) | CIVIL CASE NO.: <br> 3:01CV1343(MRK) <br><br> February 13, 2004 |

### REPLY AFFIDAVIT OF THOMAS J. LENGYEL

I, Thomas J. Lengyel, hereby depose and say:

1.    I am over the age 18 years.

2.    I am an associate at Brown Raysman Millstein Felder & Steiner, LLP ("Brown Raysman"). Brown Raysman has been retained to represent Plaintiff Success Systems, Inc. ("Success") in the above-captioned matter against Defendant Maddy Petroleum Equipment, Inc. ("Maddy").

3.    I make this Reply Affidavit in support of Success' Motion to Vacate and/or Modify an arbitration award issued by the American Arbitration Association ("AAA") (Arbitrator Ernest Fanwick, Esq.) on December 22, 2003 (the "Award").

4.    I have personal knowledge and am familiar with the testimony and exhibits as described herein that were presented at the Arbitration at issue.

5.    The case arises out of a contract entered into between the parties on or about October 13, 2000, known as the "Sales Distributor Agreement", whereby Maddy agreed to use its best efforts to market and distribute certain software products and systems created by

Success (the "Contract"). At the Arbitration, Maddy's claims were denied and Maddy was found liable for breach of the Contract.

6. Under the Contract, Maddy was required to pay Success $30,000 in the form of non-refundable Inventory Commitment Fees to secure the rights to market the Success-owned software to the customer. The Arbitrator found a breach of the Contract by Maddy for its failure to pay Success these fees. (Award p.4.)

7. As a result of this breach, Maddy is obligated to pay Success attorneys' fees under Section 20 of the Contract, which provides that:

> Distributor [Maddy] **shall** indemnify Licenser [Success] **fully** for any cost, liability, or harm suffered by Licenser, including reasonable **attorney fees**, as a direct or indirect result of Distributor's **breach** of **any** of the **terms** of this Agreement.

(Contract §20) (Emphasis added.)

8. The Arbitrator announced at the outset of the hearings that he believed he was empowered to award attorneys fees under the AAA rules and as the parties specifically provided for them under the Contract.

9. Despite this knowledge, evidence and testimony, the Arbitrator failed to award any attorneys' fees to Success. (Award p.4.) He did so even though Success submitted a Pre-Hearing Brief and a Post-Hearing Brief that emphasized the mandatory nature of the attorney fees provision at Contract §20.

10. As part of the Contract, Success provided Maddy with its most confidential and proprietary business materials in order to assist Maddy in the distribution of the Success products (the "Confidential Materials"). After the Contract was terminated, however, Maddy held these Confidential Materials unlawfully for over 1 year. This testimony was established at the hearings by Success. That is, Maddy flatly admitted that the company held the

Confidential Materials as "leverage" for an entire year after the Contract was terminated and over the demands of Success. Maddy also admitted at the hearings that it was engaged in business with a Success competitor, CMI Solutions, Inc., while it wrongfully held the confidential materials.

11. As a result, the Arbitrator also found that Maddy was contractually obligated to return the Materials that Success provided to Maddy as distributor. (Contract §15.) (Award p.4.)

12. Section 17 of the Contract provides, in relevant part, that Success must recover its attorneys' fees if it has "any basis" to seek legal action as follows:

> Should Licenser [Success] have **any basis** to seek such legal
> or equitable action…, Distributor [Maddy] **shall** pay **any**
> and all **attorney fees** and court costs that Licenser may incur.

(Contract §17). Although testimony was presented that Success certainly had a basis to bring legal action for the return of the Materials, the Arbitrator again disregarded Contract §17 by failing to award any attorneys' fees to Success.

13. At the hearings, Success submitted its legal bills in this matter totaling approximately $132,000. Despite the plain contractual language at Contract §§20 and 17, which was brought to the Arbitrator's attention time after time at the hearings in very simple fashion, the Arbitrator failed to award any attorneys' fees to Success. These fees continue to accrue.

14. Accordingly, Success moves to vacate and/or modify the Award to reflect a reasonable amount of attorneys' fees to Success.

15. In its Answering Statement and Counterclaims, Success specifically requested an order requiring Maddy to return any and all of the Confidential Materials that it had in its

3

possession. At the hearings, it was discovered and demonstrated that Maddy continued to retain certain of these Materials, including (i) a list containing valuable business prospects of Success (the "Missing List") and (ii) a disc containing valuable and proprietary tools to Success' business (the "Missing Disc").

16. Despite this evidence, the Arbitrator then failed to issue an appropriate order in the Award mandating a continuing obligation on Maddy to return any materials, including the Missing Disc and List. Accordingly, Success moves to vacate and/or modify the Award to include an appropriate order over Maddy to return any Materials.

Dated: February 13, 2004

The foregoing is true and accurate to the best of my knowledge, information and belief.

Signed under the pains and penalties of perjury this 13th day of February 2004.

_____
Thomas J. Lengyel

Subscribed and sworn to before me this 13th day of February 2004.

_____
Notary Public  MARY L. BONNER

MARY L. BONNER
NOTARY PUBLIC
MY COMMISSION EXPIRES JAN. 31, 2007/6

HARTFORD 83031v1

4