UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUCCESS SYSTEMS, INC.           ) | |
|                Plaintiff,   ) | |
| v.                              ) | CIVIL CASE NO.: |
|                        ) | 3:01CV1343(MRK) |
| MADDY PETROLEUM                 ) | |
| EQUIPMENT, INC.,                ) | |
|                Defendant.  ) | February 23, 2004 |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO MOTION TO STRIKE AFFIDAVIT OF JOSEPH M. PASTORE III**

Pursuant to Local Rule 7(a) of the Local Rules of Civil Procedure, Plaintiff Success Systems, Inc. ("Success") hereby submits this Memorandum in Opposition to Defendant Maddy Petroleum Equipment, Inc.'s ("Maddy") Motion to Strike the Affidavit of Joseph M. Pastore III (the "Pastore Affidavit") and corresponding Exhibits that Success filed in support of its Motion to Vacate an arbitration award before the American Arbitration Association ("AAA") (Arbitrator Ernest Fanwick, Esq.) that is the subject of this case (the "Award").

**FACTUAL AND PROCEDURAL BACKGROUND**

The AAA Award that Success moves to vacate and/or modify in this case was rendered on or about December 22, 2003. Thereafter, and pursuant to §§ 10 and 11 of the Federal Arbitration Act (the "FAA"), Success filed its Motion to Vacate and/or Modify the Award on or about January 21, 2003 and submitted therewith the Pastore Affidavit that is the subject of Maddy's Motion to Strike here.

As set forth below, the Pastore Affidavit is appropriate in all respects and the Exhibits attached to the Affidavit were duly admitted as evidence at the Arbitration hearings, and thus,

are properly filed along with the Pastore Affidavit. Moreover, Maddy's Motion to Strike is procedurally improper and not supported by any authority.

## LAW AND ARGUMENT

**POINT I.    MADDY'S MOTION TO STRIKE IS PROCEDURALLY IMPROPER AND NOT SUPPORTED BY ANY AUTHORITY.**

A.    *The Motion To Strike Is Procedurally Improper.*

As a threshold matter, Maddy's Motion to Strike is procedurally improper. First, the motion to strike is generally not the proper vehicle by which to challenge an affidavit. *See* F.R.C.P. 12(f); *see also* C. Wright & A. Miller, *Federal Practice & Procedure*, §1380 *citing* Friedlander v. Troutman, 595 F.Supp.1442, 1984 (N.D.Ga.) ("It is sufficient for the party opposing the motion to register its objection to the movant's affidavits by way of the material submitted in opposition to the motion"). In addition, Maddy has not filed a memorandum in support of its Motion to Strike in accordance with Rule 7(a) of the Local Rules of Civil Procedure which requires the filing of a memorandum of law where the motion presents "disputed issues of law."

B.    *The Pastore Affidavit Is Grounded In Factual Evidence That Was Presented At The Arbitration Hearings, And Thus, It Is Not Argumentative.*

Maddy moves to strike certain portions of the Pastore Affidavit on the ground that such portions are argumentative. However, the Pastore Affidavit is based on Mr. Pastore's first-hand knowledge of the Arbitration hearings, and thus, it is not argumentative in nature.

Maddy first seeks to strike paragraph 8 of the Pastore Affidavit on this ground. Paragraph 8, however, is not argumentative in nature as Maddy portrays it. The Pastore Affidavit at paragraph 8 simply points out that, under the plain language of the contract at issue in this case (the "Contract"), Maddy is obligated to pay attorneys' fees. The Pastore

Affidavit then quotes the plain language of the Contract at §20 that requires, with the use of the word "shall", that attorneys' fees must be awarded. The Contract was part of the factual evidence that was presented at length at the Arbitration hearings, and a clear description of that Contract language through the Pastore Affidavit is a proper use of an affidavit describing the underlying factual evidence.

Maddy next seeks to strike the majority of paragraph 10 of the Pastore Affidavit on the basis that it is argumentative. Again, paragraph 10 is not argumentative in nature, but rather, represents Attorney Pastore's first-hand recollection of certain testimony at the hearings involving the confidential materials at issue in this case. In support of the testimony described at paragraph 10, Success (in paragraph 10) refers to and submits consistent testimony in the form of the deposition of Mr. Edward Bletz, the System Specialist at Maddy and key witness at the Arbitration hearings (the "Bletz Deposition").[1] Clearly, paragraph 10 is grounded in factual evidence, not argument.

As Maddy points out, there is no transcript and/or record of the underlying Arbitration hearings, and thus, Success must rely on the first-hand knowledge and affidavit of its counsel to assist this Court in understanding the issues and testimony. Mr. Pastore has sworn to his first-hand knowledge and truth of this Affidavit as an officer of this Court, and it is reliable and appropriate. Of course, Maddy has the opportunity to submit its own description of the Arbitration hearings through a counterveiling affidavit and/or exhibits, and then the Court can assess and/or weigh the affidavits of the parties as appropriate.

Maddy also seeks to strike the last sentence of paragraph 12 of the Pastore Affidavit. Once again, this sentence is not entirely argumentative in nature, but rather, is grounded on a

---

[1] Importantly, the Bletz Deposition was admitted as a full exhibit at the Arbitration hearings, and this point is conceded and recognized by Maddy at page 2 of its Motion to Strike.

HARTFORD 83243v1

description of the hearing testimony (i.e., that "testimony was presented that Success certainly had a basis to bring legal action").

Maddy also seeks to strike paragraph 15 in its entirety on the basis that it is argumentative. Again, this paragraph is a description of the testimony presented at the hearings, and it is supported by explicit reference to the Bletz Deposition as follows: "The truth of my recollection of this testimony is again supported by consistent testimony provided by Mr. Bletz at his deposition in this case." (Pastore Aff. ¶ 15.)

Finally, Maddy challenges paragraph 17 of the Pastore Affidavit as argumentative. Paragraph 17, however, is by no means argumentative. To the contrary, paragraph 17 merely sets forth a list of the items that were testified to that contributed to Success' attorneys' fees at issue (i.e., participation at the hearings, the briefing of the issues).

Accordingly, Maddy's Motion to Strike the Pastore Affidavit on the ground that such Affidavit is argumentative must be denied.

### C. *Maddy Cites No Authority In Support Of Its Motion.*

Maddy also moves to strike the Pastore Affidavit (at paragraphs 13, 14 and 15) and the corresponding Exhibits attached to the Affidavit on the ground that they are "out of context" and only "part" of the testimony at the Arbitration hearings, as there is no record and/or transcript in this case. Maddy, however, cites no authority whatsoever for this proposition.

For example, Maddy objects to the Bletz Deposition testimony as an exhibit to the Pastore Affidavit. First, the Bletz Deposition is a duly authorized deposition, and thus, is admissible in a general sense. Second, the Bletz Deposition was admitted as a full exhibit to the hearings, and thus, it is properly submitted with the Pastore Affidavit in support of Success' Motion to Vacate.

Maddy objects to *all* of the exhibits attached to the Pastore Affidavit in light of the fact that they are only a part of the total testimony presented at the hearings, but cites no authority in support of this proposition. Importantly, Maddy may likewise submit its own affidavit and exhibits in opposition to the Motion to Vacate, and in fact, Maddy has already done so when it recently filed its Opposition on or about February 2, 2004.

Moreover, as there is no record or transcript in this case, Success must utilize the affidavit of its attorneys to apprise the Court of the issues presented during the testimony, and Mr. Pastore is an officer of the Court that of course is being truthful and accurate about his recollection of the hearings when the Pastore Affidavit was submitted.

In essence, Maddy argues that there should be *no* reference to the Arbitration hearing testimony and/or exhibits because there is no transcript and/or record available. This, however, would completely undermine Success' right to vacate and/or modify the Award under the tenets of the FAA. Accordingly, Maddy's position is baseless and its procedural maneuvering here only highlights the legal correctness of Success' Motion to Vacate and/or Modify.

## CONCLUSION

For the foregoing reasons, Plaintiff Success respectfully requests that Maddy's Motion to Strike be denied in its entirety.

Dated at Hartford, CT
February 23, 2004

THE PLAINTIFF,
SUCCESS SYSTEMS, INC.

By: _____
Joseph M. Pastore III, Esq.
Thomas J. Lengyel, Esq.
BROWN RAYSMAN MILLSTEIN
FELDER & STEINER, LLP
CityPlace II, 185 Asylum Street
Hartford, CT 06103
\* \* \*
900 Third Avenue
New York, NY 10022

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was sent via first class mail, postage pre-paid, on February 23, 2004 to the following counsel of record:

Warren Holcomb, Esq.
Berchem, Moses & Devlin, P.C.
75 Broad Street
Milford, CT 06460

By: _____
Thomas J. Lengyel

HARTFORD 83243v1