UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
MAR 2  3 10 PM '04

| | |
|---|---|
| SUCCESS SYSTEMS, INC. | : CIVIL CASE NO. 3:01CV1343 (MRK) |
| Plaintiff, | : |
| v. | : |
| MADDY PETROLEUM EQUIPMENT, INC., | : |
| Defendant. | : March 1, 2004 |

### DEFENDANT'S REQUEST FOR PERMISSION TO
### FILE SURREPLY MEMORANDUM OF LAW

The defendant respectfully requests permission to file a short surreply memorandum of law, a proposed copy of which is attached hereto.

Respectfully submitted
The Defendant

By: _____
Warren L. Holcomb, Esq.
Federal Bar No. ct13127
Berchem, Moses & Devlin, P.C.
75 Broad Street
Milford, CT 06460
(203) 783-1200

G:\18\18820\1\pleadings\reqpersurreply.doc

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUCCESS SYSTEMS, INC. : | CIVIL CASE NO.: 3:01CV1343 (MRK) |
| Plaintiff, : | |
| v. : | |
| MADDY PETROLEUM EQUIPMENT, INC., : | |
| Defendant. : | March 1, 2004 |

Proposed Surreply Memorandum Of Law In Opposition
To Plaintiff's Motion To Vacate Arbitration Award

This surreply memorandum briefly addresses several points in the plaintiff's reply memorandum.

A. Notwithstanding Its Assertion to the Contrary, Success Claimed It Was Entitled To An Award Of All Its Attorneys' Fees.

In footnote 2 at page 3 of its Reply Memorandum, the plaintiff asserts, "Success never stated that it was entitled or not entitled to all of its attorneys' fees. Success suggested often and vocally that it was entitled to "reasonable" attorneys' fees..." This statement is not accurate. Success maintained throughout the arbitration, both at the hearing and in its post arbitration brief, that it was entitled to an award of reasonable attorney's fees of $131,966, which amount represented all attorneys' fees incurred by Success in connection with both the prior federal action and all defenses and counterclaims asserted in the arbitration. See, page 27 of Success' Post Hearing Brief, a copy of which was attached as Exhibit F to the Plaintiff's Memorandum in Support of Motion to Vacate ("Success is claiming a reasonable amount for attorney's fees and

costs in this case, in the approximate amount of $131,966.") No breakdown or itemization was presented to the arbitrator by Success as to the amounts of its attorneys' fees attributable to the prior federal action that Success withdrew or to the various counterclaims, all of which were denied, save the one counterclaim for simple breach for which Success was awarded $10,000 plus interest. In the counterclaims on which Maddy Petroleum prevailed, Success was seeking approximately $818,000 in compensatory and punitive damages. See, Success' Post Hearing Brief, Exhibit F to the Plaintiff's Memorandum in Support of Motion to Vacate.

B. The Plaintiff Cannot Show That The Arbitrator Manifestly Disregarded The Law Because The Plaintiff Did Not Bring The Law It Claims Applies To The Arbitrator's Attention.

Success failed to bring the state law cases on which it now relies to the attention of the arbitrator. That omission is fatal to its argument that the attorney's fees portion of the award was made in manifest disregard of the law.

For the purpose of the analysis of whether the arbitrator disregarded the law, the court assumes that, with regard to applicable law, the arbitrator is "a blank slate unless educated in the law by the parties." G.M.S. Group v. Benderson, 326 F.3d 79, (2d Cir. 2003) quoting Goldman, supra, 306 F.3d at 216; DiRussa v. Dean Witter Reynolds, Inc., 121 F.3d 818, 823 (2d Cir.1997) (holding that arbitrators are only charged with having knowledge of governing law identified by the parties); Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc., 326 F.3d 15, (2d Cir.1997).

"For an award to be "in manifest disregard of the law," [t]he error must have been obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator. Moreover, the term "disregard" implies that the

arbitrator appreciates the existence of a clearly governing legal principle but decides to ignore or pay no attention to it." (citation omitted, emphasis added)  See also, <u>Goldman v. Architectural Iron Co.</u>, 306 F.3d 1214, 1216 (2d Cir. 2002) (to show manifest disregard of the law, a party must show that a governing legal principle was "well defined, explicit, and clearly applicable to the case, and ... the arbitrator ignored it <u>after it was brought to the arbitrator's attention in a way that assures that the arbitrator knew its controlling nature</u>." emphasis added, internal quotation omitted); <u>Sidarma Society Italiana Di Armanento SPA, Venice v. Holt Marine Indus. Inc.</u>, 515 F.Supp. 1302, 1309 (S.D.N.Y.1981) ("party must show arbitrators deliberately disregarded <u>what they knew to be the law</u> in order to reach the result they did." , affirm'd mem., 681 F.2d 802 (2nd Cir. 1981) emphasis added)

The plaintiff did not bring the Connecticut state law decisions it claims constitute governing law to the arbitrator's attention.  The plaintiff's failure to do so precludes as a matter of law any inference that the arbitrator deliberately chose to ignore and disregard the law.

C.  If The Court Were To Find That The Arbitrator Manifestly Disregarded The Law By Not Awarding Success Any Attorney's Fees, Then The Court Has The Authority Either To Vacate And Remand The Attorney's Fees Portion Of The Award Or To Remand The Matter To the Arbitrator For <u>Articulation And Clarification Of His Reasoning On That Issue.</u>

The defendant maintains that this is not one of the very rare instances where vacatur is appropriate under the manifest disregard of the law doctrine.  However, in the event that the Court concludes otherwise, the Court should vacate only the attorney's fee portion of the award and remand that issue to the arbitrator to decide what amount of the plaintiff's attorney's fees resulted from Maddy's breach in failing to pay the

balance of the $10,000 inventory commitment fee. See, <u>Duferco Intern. Steel v. T. Klaveness Shipping</u>, 333 F.3d 383, 389 (2d Cir. 2003) ("...we have vacated <u>some part</u> or all of an arbitral award for manifest disregard in the following four out of at least 48 cases..." (emphasis added); <u>Fahnestock & Co., Inc. v. Waltman</u>, 935 F.2d 512, 517, 519 (2d Cir. 1991) (vacating punitive damages portion of arbitration award). In the alternative, the Court has the authority to remand the award to the arbitrator to request a clarification of the arbitrator's intent in not awarding attorney's fees. <u>Hardy v. Walsh Manning Securities</u>, 341 F.3d 126, 133 (2d Cir. 2003) (court remanded award to panel of arbitrators for clarification as to the panel's intent in making the award.)

> Respectfully submitted on behalf of
> Defendant Maddy Petroleum Equipment, Inc.
>
> By _____
> Warren L. Holcomb, Esq.
> Federal Bar No. ct13127
> Berchem, Moses & Devlin, P.C.
> 75 Broad Street
> Milford, CT 06460
> (203) 783-1200

Brown, Raysman, Millstein, Felder & Steiner LLP
CityPlace II
185 Asylum Street
Hartford, CT  06103

_____
Warren L. Holcomb